IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR07 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSUE CORONADO-PIMENTAL, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's Motion to Proceed In Forma Pauperis (Filing No. 42). In his motion the defendant requests copies of his indictment and unidentified transcripts. The defendant did not accompany his motion with any request for collateral review of his conviction. 28 U.S.C. § 2250 contemplates the filing of a motion for collateral review of a conviction and a motion for leave to proceed in forma pauperis **before** free copies of the record or parts of the record may be furnished to the moving party. Section 2250 states:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

See also *Chapman v. U.S.*, 55 F.3d 390, 390-91 (8th Cir. 1995):

> We held in *United States v. Losing*, 601 F.2d 351, 352 (8th Cir. 1979) (*per curiam*), that under 28 U.S.C. § 753(f) and under Supreme Court authority "any request for a free transcript prior to the filing of a section 2255 complaint is premature." We also held that under section 753(b), access to materials such as a transcript is not constitutionally required until after judicial certification that access is required to decide issues presented in a pending, non-frivolous case. *Id.* at 353. The district court correctly held that [the defendant] was not entitled to copies of transcripts at government expense in advance of filing suit.

Once a § 2255 motion is filed, 28 U.S.C. § 753(f) provides funds for a transcript if the defendant qualifies. "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." *Id.*

The defendant is advised that 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions. Absent a later triggering date, the one-year period for filing a § 2255 motion in federal court begins to run on the date the challenged judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review. Therefore, before the court will consider any request for copies, defendant must file a timely motion seeking collateral review of his conviction.

IT IS ORDERED:

1.    Defendant's Motion to Proceed In Forma Pauperis (Filing No. 42) is denied as premature; and

2.    The Clerk of Court is directed to send a copy of this Memorandum and Order to defendant at his last-known address.

DATED this 17th day of April, 2007.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief United States District Judge


2